**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**BRUCE LANGSTON,**

**Plaintiff,**

**vs.**                                                      No. 10-cv-00344 BB/WDS

**STATE OF NEW MEXICO CHILDREN YOUTH
AND FAMILIES DEPARTMENT, through its
CABINET SECRETARY DORIAN DODSON,
in her professional capacity, and
JULIA KLCO, DONNA HAZLITT, and
DEBRA PRITCHARD, individually and in their
professional capacities,**

**Defendants.**

## CONFIDENTIALITY ORDER

To expedite the flow of discovery material and information, facilitate the prompt resolution of disputes over confidentiality, protect, adequately, material and information entitled to be kept confidential, and ensure that protection is afforded only to material and information so entitled, it is, pursuant to the Court's authority and with the consent of the parties, ORDERED:

1.   This Confidentiality Order governs the handling of documents, materials, tangible things and information disclosed by the Plaintiff, Bruce Langston and Defendants, CYFD, Dorian Dodson, Debra Pritchard, Julia Klco, and Donna Hazlitt ("Defendants"), when those items/information are designated as Confidential in accordance with the procedures herein.

2.   The terms "document" or "documents" shall have the same meaning given under Civ.R. 34 and shall include electronic documents.

3.   "Confidential Personnel Material or Information" shall mean documents or

information produced by either party that are contained within or which originated from CYFD client or employee files or databases containing client or employee medical, disciplinary, or termination information. These documents and information are required to be kept confidential by federal and state law and/or required to be kept confidential because they include and concern information regarding CYFD clients or employees who have no connection with this litigation.

4. "Confidential Material or Information" shall mean:

(a) Documents or information which are or describe internal investigations of clients, employees, programs, grants or contracts undertaken by CYFD;

(b) "Confidential Material or Information" shall also mean documents or information produced by Plaintiff, Bruce Langston, that contain personal, private, medical or financial information concerning Plaintiff or CYFD client or employee informaiton; and

(c) Defendants and Plaintiff may designate as "Confidential Material or Information" any information, documents or other tangible items produced by any party after entry of this Order, that they reasonably and in good faith believe meets the definition of Confidential Material or Information contained herein or constitutes confidential, private, or similarly protected information under applicable statutory or common law.

5. The term "designating party," as used herein, refers to the party or parties to this action who designate documents as "Confidential Personnel Material and Information" and/or "Confidential Material or Information" under the terms of this Order.

6. A "stamped confidential document" and a document "designated as Confidential" shall mean any document which is either Confidential Material or Information or Confidential Personnel Material and Information and which on its face bears the following legend:

**"Confidential, USDC D.N.M., 10-cv-00344 BB/WDS"**

Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document.

7. <u>Nondisclosure of Stamped Confidential Documents</u>. Except as provided in paragraphs 8, 9, and 10 below, or with the prior written consent of the designating party, no document designated as Confidential may be disclosed to any person.

8. <u>Nondisclosure of Information Designated as Confidential</u>. Except as provided in paragraphs 9 and 10 below, or with the prior written consent of the designating party, no information, whether produced in response to discovery requests, contained in depositions, or otherwise provided in the litigation, which has been designated as Confidential may be disclosed to any person.

9. <u>Permissible Disclosures of Confidential Personnel Material or Information</u>. Confidential Personnel Material or Information as defined above in paragraph 3 may be disclosed to:

(a) Counsel for the parties in this action who are actively engaged in the conduct of this litigation;

(b) The partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

(c) The parties, to the extent reasonably necessary to enable them to assist in the prosecution of the litigation;

(d) Experts retained by counsel for the parties to the action, whether engaged as consultants or as testifying experts, who have signed Exhibit A attached hereto;

(e) Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or other person appointed by the Court).

(f) Fact witnesses whose testimony any party anticipates using at trial.

10. <u>Permissible Disclosures of Confidential Material or Information</u>. Confidential

Material or Information as defined above in paragraph 4 may be disclosed to:

    (a) Counsel for the parties in this action who are actively engaged in the conduct of this litigation;

    (b) The partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

    (c) The parties, to the extent reasonably necessary to enable the prosecution of the litigation,

    (d) Experts retained by counsel for the parties to the action, whether engaged as consultants or as testifying experts,

    (e) Court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master or other person appointed by the Court).

11.    <u>Other Disclosures</u>.  If a party wishes to disclose a document designated as Confidential to any person not described in paragraphs 9 and 10 of this Order, permission to so disclose must be requested from the designating party in writing.  If the designating party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon application by the party seeking disclosure, orders otherwise.  However, the designating party may disclose its own document designated as Confidential without regard to this Confidentiality Order, unless prohibited under an existing order to do so.

12.    <u>Declassification</u>.  Any party may, at any time after production of a document designated as Confidential, object to such designation by notifying the designating party in writing of that objection and specifying the designated material or information to which the objection is made.  The parties shall, within ten (10) days of service of the written objections, confer concerning the objection.  If the objection is not resolved, the party objecting to the designation shall file and serve a motion to resolve the dispute over the designation of the material or information and shall bear the burden of proof on the issue.  If no such motion is filed within the stated time period, the material or information will remain subject to the protection of this Order.  If a motion is filed,

material and information subject to dispute shall, until further order of the Court, be treated consistently with its designation. The designating party shall, at its expense, provide additional copies of any material which ceases to be subject to the protection of this Order that is requested by the party who has successfully sought declassification.

13.  Confidential Information in Depositions.

(a) A deponent, including parties, may, during the deposition, be shown and examined regarding documents designated as Confidential if the deponent has signed a copy of Exhibit B. Deponents, other than parties or experts, shall not retain or copy portions of the transcript of their depositions that contain documents designated as Confidential not provided by them or the entities they represent. Parties shall not return or copy parts of the transcript of the depositions that contain document designated as Confidential unless they sign Exhibit A. A deponent who is not a party or representative of a party shall be furnished a copy of this Order before being examined about, or asked to produce, potentially Confidential documents.

(b) The designating party may, at any time within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as Confidential Material or Information. Confidential Material or Information within the deposition transcript shall be designated as such by underlining the portions of the pages that are confidential and marking such pages with the legend described in paragraph 6. Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If the designating party does not timely designate Confidential Material or Information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed as provided in paragraph 16 below.

14.  Confidential Information at Trial.  Subject to the Federal Rules of Evidence, documents designated as Confidential may be offered in evidence at trial or in any court hearing, provided that the proponent of the evidence gives ten (10) days' advance notice to all parties to this litigation. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether

the proffered evidence should continue to be treated as a document designated as Confidential and, if so, what protection, if any, may be afforded to such information at the trial.

15. <u>Subpoena by Other Courts or Agencies</u>. If another court or an administrative agency subpoenas or orders production of a document designated as Confidential that a party to this action has obtained under the terms of this Order, that party shall promptly notify the designating party or any other person or entity having produced the document designated as Confidential of the pendency of such subpoena or order.

16. <u>Filing</u>. Documents designated as Confidential need not be filed with the clerk except when required in connection with pre-trial motions under the Federal Rules of Civil Procedure or in connection with other matters pending before the court. If filed, they shall be handled as follows:

(A) With respect to Confidential Personnel Material and Information (*see* paragraph 3 above) any identifiable CYFD client or personnel information which appears in the documents must be redacted such that the identity of the client or employee at issue is not discernible.

(D) With respect to any Confidential Material or Information which is not addressed by the above paragraph 16(A) and which any party reasonably and in good faith believes meets the definition of Confidential Material or Information contained herein or constitutes confidential, private, or similarly protected information under applicable statutory or common law and is designated as Confidential, said documents may be filed in pleadings, motions, or briefs by any party (1) only after the designating party has been given the opportunity to redact confidential or private portions that are irrelevant to the filing party's intended use, or (2) upon court order.

17. <u>Client Consultation</u>. Nothing in this order shall prevent or otherwise restrict counsel from rendering service to their clients and, in the course thereof, relying generally on examination of and communication about stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any stamped confidential documents except pursuant to the procedures of paragraphs 9 and 10 above.

18. <u>Use</u>. Persons obtaining access to a document designated as Confidential under this

Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including in business, governmental, commercial, administrative, or judicial proceedings.

19. <u>Non-Termination</u>. The provisions of this order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the designating party or, at the option of the producer (if it retains at least one copy of the same), shall be destroyed. Counsel of record for the party in possession of a document designated as Confidential shall make written certification of compliance herewith and shall deliver the same to counsel for the designating party not more than 150 days after final termination of this litigation.

20. <u>Modification Permitted</u>. Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting to discovery that it believes to be otherwise improper.

21. <u>Responsibility of Attorneys</u>. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate a document designated as Confidential except working copies and copies for filing in court under the terms of paragraph 16 above.

22. <u>No Waiver</u>.

(a) Review of a document designated as Confidential by counsel, parties, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the materials and information.

(b) The inadvertent, unintentional, or *in camera* disclosure of a document designated as Confidential shall not, under any circumstances, be deemed a waiver, in whole or in part, of the designating party's claims of confidentiality. In particular, if during the course of producing documents to plaintiff, any document designated as confidential is inadvertently included in the documents produced, the designating party or other person or entity who has inadvertently disclosed

the material, upon discovery of the inadvertent production shall immediately, but in no event more than 15 days following discovery of the inadvertent disclosure, request return of the documents and all documents originally produced will be returned to the designating party or other producing person or entity.  Additionally, the attorneys, in possession of such documents shall certify in writing the destruction of all copies of such documents and any other documents reflecting the information in them.  If the inadvertent or unintentional disclosure is a document designated as Confidential, the designating party or the other producing person or entity shall provide substitute documents bearing the proper legend at the same time request is made for return of the inadvertently produced documents.

(c) In the event any party reasonably believes that he or she has inadvertently been provided with a document designated as confidential, that party shall so advise the designating party through its counsel.

23. Reservation of Rights.  Nothing contained in this Stipulated Confidentiality Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Material or Information sought or to object to the production of any documents or information based upon work product or any other privilege or doctrine.

_____
Hon. W. Daniel Schneider
United States Magistrate Judge

Dated: September 27, 2010

**STIPULATED:**

HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.

 /s/ Jaclyn M. McLean

Ellen S. Casey
Jaclyn M. McLean
PO Box 2068
Santa Fe, New Mexico 87504-2068
(505) 982-4554
*Attorneys for Defendants CYFD, Debra Pritchard,*
*Julia Klco, and Donna Hazlitt*


ASSED & ASSOCIATES

 _Electronic Approval 9/8/10_____
Ahmad Assed
John C. Young
818 Fifth Street NW
Albuquerque, NM  87102
Tel: 505.246.8373
Fax: 505.246.2930
*Attorneys for Plaintiff Bruce Langston*